GARDNER *v.* MICHIGAN SUGAR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EMPLOYMENT OF PHYSICIAN.

While, as a general rule, the employer who undertakes to provide medical services to an injured employee has the right to select the physician to be employed, yet where such physician was absent from home and no other physician was provided by the employer, and medical attention was immediately necessary, plaintiff was justified, after notifying the employer and receiving no response,

On liability of employer or insurance company for medical and hospital aid furnished to injured employee, see note 7 A. L. R. 545.

in employing his family physician to treat him at the expense of the employer.[1]

Certiorari to Department of Labor and Industry. Submitted April 21, 1925. (Docket No. 9.) Decided June 18, 1925.

Earl Gardner presented his claim for compensation against the Michigan Sugar Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the State Accident Fund, insurer, bring certiorari. Affirmed.

*Roy Andrus,* for appellants.

*A. W. Black,* for appellee.

McDONALD, C. J. Earl Gardner suffered an accidental injury to his lip while working for the Michigan Sugar Company at its Essexville plant in Bay county. A severe infection of the face and neck developed and he was sent by his employer to Dr. S. L. Ballard, who had been designated by the company to treat its injured employees. The doctor was away deer hunting, but his brother, Dr. W. R. Ballard, examined the plaintiff's lip, gave him some medicine and told him to return the next day. The next day Dr. W. R. Ballard sent him to Dr. Charles L. Hess, who treated him for nearly a week. He suffered great pain, was not able to sleep and did not seem to be making satisfactory progress under the treatment by Dr. Hess. He consulted his family physician, Dr. A. M. Warren, who advised him to notify the company that he had gone to another physician. He notified the manager of the company by letter but received no reply. Dr. Warren treated him from November 21, 1923, to the time of his recovery on January 9, 1924, and charged $39 for his services. An award

---

[1]Workmen's Compensation Acts, C. J. § 97.

was made allowing compensation for disability and $39 for medical treatment.    No complaint is made as to the award for compensation, but the defendants here insist that they are not liable for medical services for the reasons stated in their brief, as follows:

"(1)    The order of the department of labor and industry relative to medical expenses is void for indefiniteness and uncertainty.

"(2)    Earl Gardner is not entitled to receive from appellants the sum of $39 for services rendered to him by Dr. A. M. Warren."

1. The claim that the award for medical expenses is void, for indefiniteness and uncertainty, is so plainly without merit that it requires no discussion.

2. The objection to the allowance for the services of Dr. Warren is based upon the fact that the company did not select him to treat the plaintiff.    The general rule that the employer has a right to select the doctor who shall treat an injured employee is not questioned; but, it is claimed, that under the facts and circumstances shown by this record the plaintiff was warranted in securing the medical attendance of his family physician at the company's expense.    The company's doctor, to whom the plaintiff was sent for treatment, was unable to treat him because of his absence from home, but his brother, Dr. W. R. Ballard, who apparently was looking after his patients, gave him one treatment, declined to treat him further, and referred him to Dr. Hess.    Neither Dr. W. R. Ballard nor Dr. Hess was selected by the company to treat the plaintiff.    He was not satisfied with the progress he was making towards recovery under the treatment of Dr. Hess.    He naturally turned to his family physician, Doctor Warren, with whom he was acquainted and in whom he had confidence.    But he twice notified the company by letter, inquiring if

it was all right to employ Dr. Warren. He got no reply to his letters. The company made no objection and tendered him no other medical service. That the services of a doctor were immediately necessary, and that Dr. Warren's treatment was beneficial to the plaintiff, and that his charges therefor were reasonable, is not questioned. In view of these facts, we think that the plaintiff was justified in selecting a doctor to treat him at the company's expense, and that, therefore, the award should be sustained.

The writ of certiorari is dismissed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.